### 21790.   SMITH *v.* THE STATE.

DECIDED NOVEMBER 10, 1931.

*C. G. Battle,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J.  H. R. Smith was tried under an indictment charging him with shooting at Cleveland Tolbert with a pistol, "not in his own defense and not under other circumstances of justification." The jury found the defendant guilty and recommended that he be punished as for a misdemeanor.  He excepts to the overruling of his motion for a new trial.

■  Briefly stated, the State's case is substantially as follows: The defendant and Cleveland Tolbert had a difference about $10 which Tolbert owed him.  Shortly thereafter the defendant, accompanied by two other persons, drove back to where Tolbert was, and began shooting at him from the slowly-moving automobile, with a pistol.  Tolbert ran, but turned and fired at Smith.  One of the shots from Smith's pistol struck Pierce Fowler, a bystander, in the leg.  The venue of the alleged offense was proved.  The defendant's statement was in effect that he invited two friends "to ride around a while;" that they got in his car, and he told them he had to go around and "see a fellow;" that when they turned into Cain street he "saw a fellow sitting on the porch, and he pulled a gun and shot at" the defendant; that this person ran across a field, shooting back at the defendant; that the defendant got his "gun" from the pocket of his automobile and "shot three times at him, and he ran back between some houses."  Obviously this court can not say that there was no evidence to support the verdict.

■  It appears from special ground 1 that after the court had properly charged the law pertaining to the offense of shooting at another, as contained in the Penal Code (1910), § 115, he gave to the jury this charge:  "The charge in this indictment is based upon a section of the law which provides that any person who shall be guilty of the offense of shooting at another, except in his own defense or under other circumstances of justification, according to the principles of this Code, with a gun, pistol, or other instrument of the like kind, is guilty of the offense of unlawfully shooting at another."  The criticism of this charge is that in it the court employed the phrase, "or under other circumstances of justification," instead of charging the following language of said code section: "or under circumstances of justification."  We are well satisfied that the insertion of the word "other" before the word "circumstances" did not mislead or confuse the jury, or injure the defendant's case.

■ Special ground 2 complains of the following charge: "If in self-defense, or under circumstances of justification according to the principles of the law as recited in this section of the Code, one should shoot at a person and should wound or shoot some bystander or some innocent person not a party to the difficulty, he would nevertheless be justifiable and should be acquitted. So that in passing upon the question as to whether or not the defendant did shoot at the person named in the indictment, not in self-defense and not under circumstances of justification, you would consider the case as if the defendant, if he shot at the person as alleged, was justifiable, or would be justifiable in shooting at the person named in the indictment. If the defendant unlawfully and intentionally shot at the person named in the indictment, not in self-defense and not under circumstances of justification, with a pistol as alleged in this indictment, and that has been established beyond a reasonable doubt, you would be authorized to find the defendant guilty, though the party shot at, if that is true, was not struck or hit, but a bystander was." It is urged in the assignment of error that the foregoing charge is "vague, indefinite, uncertain, and misleading," and that it "intimates the court's opinion that the defendant is guilty." We shall not discuss in detail the criticisms of the charge. We confess that the charge is not as clear as might be desired, especially the part contained in the second sentence of the excerpt complained of. However, we do not see that the charge was unfavorable to the defendant, or that it could have injured his case. Neither is it subject to the criticism that it contains an expression of opinion on the part of the court that the defendant was guilty.

■ Special ground 3 complains of the following charge: "A person would have the right to use such force as may be necessary, or apparently so, to a reasonably courageous man in the circumstances then existing, to the extent of shooting him with a pistol, if done in self-defense, or to repel an attack or an assault made upon him, or under other circumstances of justification, to be determined by the jury. It is for the jury to determine from the evidence and the defendant's statement whether or not, if the defendant shot, as alleged, with a pistol, at the person named in the indictment, he did so wilfully and unlawfully and intentionally, not in his own defense and not under other circumstances of

justification, according to the principles of the Code, as alleged in the indictment. If he did, and you believe beyond a reasonable doubt that defendant is guilty as charged in the indictment, you would be authorized to find the defendant guilty." It is urged that the foregoing charge confused the jury as to what the defense was, and that it was confusing and misleading because "the only defense offered by the defendant was that of self-defense." The charge was not erroneous for any reason assigned.

■ The gist of the fourth and last special ground is that "the court failed to call attention to any of the issues raised by defendant's evidence," especially the theory that "the person alleged to have been shot at by the defendant was the aggressor, and that he shot at the defendant before the evidence shows that the defendant shot at him." The court did charge upon the theory that the person shot at by the defendant was the aggressor, and, in the light of the charge as a whole, and in view of the fact that there was no request for more elaborate or detailed instructions than those given, we hold that this ground discloses no reversible error.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*